UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22962-CIV-HUCK/O'SULLIVAN

ESTATE OF PHILIP SCUTIERI, SR.,
DELPHINE SCUTIERI, and
PHILIP SCUTIERI, JR.

    Plaintiffs,

vs.

RAYMOND G. CHAMBERS, FRANK
ADUBATO, HAMPSHIRE CAPITAL, INC.,
DAVID J. ROY, and KURT BOROWSKY,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION AND FOR LEAVE TO AMEND**

    This matter is before the Court upon Plaintiffs' Motion for Reconsideration of the Court's 6/11/09 Order on Defendants' Motion to Dismiss (D.E. #89) and Plaintiffs' Motion for Leave to Amend the Complaint (D.E. #90). The Court has considered the motions and is otherwise duly advised.

    The district court has considerable discretion in reconsidering an issue on a motion for reconsideration. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citing *American Homes Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (internal citations and quotations omitted). "The applicable standard for a motion for reconsideration is that the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F.

Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation and citation omitted).

The Court finds that none of the grounds for reconsideration are present in this case. Here, Plaintiffs have failed to set forth facts or law of the requisite "strongly convincing nature" to induce the Court to reverse its prior decision. Rather, Plaintiffs' Motion for Reconsideration largely consists of the same arguments made in opposition to Defendants' Motion to Dismiss or at the hearing on that motion held on June 3, 2009. (*See* Plaintiffs' Opposition to Defendants' Motion to Dismiss, D.E. #65.) In the Motion for Reconsideration, Plaintiffs argue that they adequately plead damages promixatley caused by Defendants' alleged breaches of fiduciary duties; that their claims are not barred by the statute of limitations; that they have stated viable claims for fraudulent concealment and conspiracy; and that the Court has personal jurisdiction over the Defendants. Plaintiffs arguments address none of the grounds justifying reconsideration as detailed above. While Plaintiffs do argue that the Court was incorrect in its conclusions as detailed in its Order of June 11, 2009, the purpose of a motion to reconsider is not to ask the Court to "rethink what the Court . . . already thought through—rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citation omitted).

Accordingly, it is hereby ORDERED and ADJUDGED that Plaintiffs' Motion for Reconsideration of the Court's 6/11/09 Order on Defendants' Motion to Dismiss (D.E. #89) is denied. Because the Court has declined to reconsider its Order of June 11, 2009, Plaintiffs' Motion for Leave to Amend the Complaint (D.E. #90) is not properly before the Court, and is therefore also denied.

DONE in Chambers, Miami, Florida, July 10, 2009.

Paul C. Huck
United States District Judge

<u>Copies provided to</u>:
All counsel of record